IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JON L. BRUNENKANT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUBURBAN HOSPITAL ) <br> HEALTHCARE SYSTEM, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 20-cv-00150-LKG <br><br> Dated: July 28, 2023 |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Plaintiff, Jon L. Brunenkant, has moved for reconsideration of the Court's March 29, 2023, Order denying his motions for leave to amend the complaint. ECF No. 102; *see also* ECF No. 101 at 3. The motion is fully briefed. ECF Nos. 102, 104, 107. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court **DENIES** Plaintiff's motion for reconsideration.

**II.  BACKGROUND**

As background, on January 17, 2020, Plaintiff commenced this medical malpractice action against several defendants, including Suburban Hospital Healthcare System, Inc., and Suburban Hospital, Inc., related to the laparoscopic cholecystectomy procedure performed on Plaintiff at the Suburban Hospital. *See generally*, ECF No. 1.

On July 22, 2022, Plaintiff filed a motion for leave to amend the complaint, pursuant to Fed. R. Civ. P. 15(a), to add new counts against Defendants Suburban Hospital Healthcare System, Inc. and Suburban Hospital, Inc. for gross negligence and fraudulent misrepresentation and to seek punitive damages. *See* ECF No. 79. On August 24, 2022, Plaintiff filed a second motion for leave to amend the complaint, based on the discovery of new information and facts

related to his new claims. *See* ECF No. 94-1 at 2. Plaintiff states in this motion that he discovered this new information on May 19, 2022, and on August 2, 2022, respectively. *Id.*

On March 29, 2023, the Court denied Plaintiff's motions for leave to amend, because: (1) the proposed amendments sought to add three new claims against Defendants more than two years after Plaintiff commenced this action on January 12, 2020; (2) the proposed new claims were brought under different legal theories than the claims contained in the original complaint; (3) further amendment would unduly delay these proceedings, because Plaintiff proposed the amendments to the complaint after the close of discovery; and (4) Plaintiff did not explain how certain information that he received from Defendants two months before the close of discovery was necessary to make the proposed amendments to the complaint. *See* ECF No. 101 at 2-3.

On April 12, 2023, Plaintiff filed a motion for reconsideration, pursuant to Local Rule 105.10 and Fed. R. Civ. P. 54(b). ECF No. 102.

## III.    LEGAL STANDARDS

### A.  Fed. R. Civ. P. 54(b)

Pursuant to Fed. R. Civ. P. 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). To show that reconsideration is proper under Rule 54(b), the movant must show either that: (1) there has been an intervening change in the law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice. *See Cezair v. JPMorgan Chase Bank, N.A.*, No. 13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014). But, a motion for reconsideration "is not a license to reargue the merits or present new evidence that was previously available to the movant." *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (citation omitted).

## IV.    ANALYSIS

Plaintiff has not met his burden to show that reconsideration of the Court's March 29, 2023, Order is warranted in under Rule 54(b). In his motion for reconsideration, Plaintiff does not argue that: (1) there has been an intervening change in controlling law; (2) there is new

evidence that was previously unavailable in this case; or (3) a clear error of law has occurred or the existence of a manifest injustice, with regards to the Court's March 29, 2023, Order. *See generally*, ECF No. 102. Rather, Plaintiff improperly seeks to relitigate many issues that he previously and unsuccessfully raised in his motions for leave to amend the complaint. *See generally*, ECF Nos. 79, 94.

For example, the Court previously considered and rejected Plaintiff's argument that the proposed amendments to the complaint are necessary, based on evidence Plaintiff received two months before the close of discovery. ECF No. 101 at 2. Plaintiff makes the same arguments about this evidence in his motion for reconsideration. *See generally*, ECF No. 102. And so, the Court must DENY Plaintiff's motion for reconsideration. Fed. R. Civ. P. 54(b).

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration.

Judgment is entered accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

                                                s/Lydia Kay Griggsby
                                                LYDIA KAY GRIGGSBY
                                                United States District Judge