IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JON L. BRUNENKANT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-cv-00150-LKG |
| ) | |
| v. ) | Dated: April 14, 2025 |
| ) | |
| SUBURBAN HOSPITAL ) | |
| HEALTHCARE SYSTEM, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR CERTIFICATION OF JUDGMENT UNDER FED. R. CIV. P. 54(b)**

**I.   INTRODUCTION**

The Plaintiff *pro se*, Jon L. Brunenkant, has moved for certification of judgment regarding the Court's August 26, 2024, memorandum opinion and Order (the "August 26, 2024, Decision") in this civil action, pursuant to Fed. R. Civ. P. 54(b), and for a stay of this matter pending appeal. ECF No. 129. This motion is fully briefed. ECF Nos. 129, 129-1, 130 and 132. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Plaintiff's motion.

**II.   BACKGROUND AND PROCEDURAL HISTORY[1]**

This civil dispute arises from medical care provided to the Plaintiff at Suburban Hospital on October 10 and 11, 2015. *See generally* ECF No. 1. The parties previously filed cross-motions for partial summary judgment with regards to the Plaintiff's medical negligence and malpractice and corporate negligence claims, pursuant to Fed. R. Civ. P. 56. ECF Nos. 117 and 119.

In the August 26, 2024, Decision, the Court held that a careful reading of the complaint showed that there are no factual allegations in the complaint to support the Plaintiff's negligence claims against Defendant Suburban Hospital Healthcare System, Inc ("Suburban Hospital").

---

[1] The facts recited in this memorandum opinion are taken from the Plaintiff's motion for certification of judgment under Fed. R. Civ. P. 54(b), the Defendant's response in opposition thereto, and the memorandum in support thereof. ECF Nos. 129, 129-1, 130 and 132.

1

ECF No. 127 at 13.  The Court also held that the undisputed material facts in this case make clear that the Plaintiff cannot prevail on his failure to select, train and supervise-based negligence claims against Defendant Suburban Hospital, with the exception of his *respondeat superior* claim, because the Plaintiff failed to put forward an expert to establish the standard of care, or breach of that standard of care, to support these claims.  *Id.* at 14-15.

In addition, the Court held that the undisputed material facts show that Plaintiff cannot prevail on his claim for lost profits, because he fails to put forward any evidence to show that he lost any profits with a reasonable certainty due to the negligent conduct alleged in this case.  *Id.* at 15-16.  The Court also held that the evidentiary record shows that there are genuine issues of material fact in dispute, regarding whether Dr. Daee was an apparent agent of Defendant Suburban Hospital, that preclude summary judgment on this issue.  *Id.* at 16-17.  Lastly, the Court held that the question of whether Dr. Daee caused Plaintiff's bile duct injury is an issue for the jury and, thus, not appropriate for resolution by summary judgment.  *Id.* at 17-18.  And so, the Court: (1) **GRANTED-in-PART** the Defendants' motion for partial summary judgment; (2) **DENIED** the Plaintiff's cross-motion for partial summary judgment; (3) **DISMISSED** Defendant Suburban Hospital Healthcare System, Inc. as a defendant in this action; (4) **DENIED** the Plaintiff's corporate negligence and medical negligence and malpractice claims, except for such claims that are based upon *respondeat superior*; and (5) **DENIED** the Plaintiff's claim for lost profits.  *Id.* at 18.

On September 13, 2024, the Plaintiff moved for certification of judgment with regards to the August 26, 2024, Decision, pursuant to Fed. R. Civ. P. 54(b), and for a stay pending appeal.  ECF Nos. 129 and 129-1.  In the motion for certification, the Plaintiff requests that the Court certify as a final judgment, for purposes of appeal to the United States Court of Appeals for the Fourth Circuit, the Court's rulings on the following claims and issues in this case: "(i) denying Plaintiff's motion for summary judgment on his simple negligence claim against Defendant Suburban Hospital, and granting Defendants' motion for summary judgment on this same claim; (ii) denying Plaintiff's direct medical negligence and medical malpractice claim against Defendant Suburban Hospital for its failure to safeguard against Pulmonary Embolism; and (iii) granting Defendants' motion for summary judgment insofar as it denies Plaintiff's claim for recovery of his documented economic losses (in addition to income)."  ECF No. 129 at 3-4.  On September 23, 2024, Defendant Suburban Hospital filed a response in opposition to the

Plaintiff's motion. ECF No. 130. On September 30, 2025, the Plaintiff filed a reply in support of his motion. ECF No. 132.

The Plaintiff's motion for certification of judgment pursuant to Fed. R. Civ. P. 54(b) having been fully briefed, the Court resolves the pending motion.

## III.  LEGAL STANDARDS

### A. Fed. R. Civ. P. 54(b)

Under Fed. R. Civ. P. 54(b), the Court has the discretion, in "an action [that] presents more than one claim for relief," to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The United States Court of Appeals for the Fourth Circuit has stated that entry of partial final judgment "is recognized as the exception rather than the norm" and "should neither be granted routinely nor as an accommodation to counsel." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citations omitted). Given this, the burden of establishing that entry of partial final judgment is appropriate falls on the party seeking such relief. *Id.* (citation omitted).

The United States Supreme Court has also explained that the Court conducts a two-step analysis to determine whether entry of partial final judgment is appropriate. First, the Court determines whether the judgment is "final," in that "it is a decision upon a cognizable claim for relief" and "is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtis-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted). Second, if the Court determines that it is dealing with a final judgment, the Court must "determine whether there is any just reason for delay" in entering final judgment on that claim. *Id.* at 7-8. In assessing whether there is any just reason for delay, the Court analyzes the following factors: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Braswell Shipyards*, 2 F.3d at 1335-36.

**IV.    ANALYSIS**

The Plaintiff has moved for certification of judgment, pursuant to Fed. R. Civ. P. 54(b), and for a stay pending appeal, with regards to the following rulings by the Court in the August 26, 2024, Decision: "(i) denying Plaintiff's motion for summary judgment on his simple negligence claim against Defendant Suburban Hospital, and granting Defendants' motion for summary judgment on this same claim; (ii) denying Plaintiff's direct medical negligence and medical malpractice claim against Defendant Suburban Hospital for its failure to safeguard against Pulmonary Embolism; and (iii) granting Defendants' motion for summary judgment insofar as it denies Plaintiff's claim for recovery of his documented economic losses (in addition to income)." ECF No. 129 at 3-4. To support this motion, the Plaintiff argues that certification of judgment is appropriate, because these claims have been finally decided by the Court and there is no just reason to delay entry of final judgment on these matters. ECF No. 129-1 at 4-13; ECF No. 132 at 2-3. And so, the Plaintiff requests that the Court certify these matters for appeal. ECF No. 129-1 at 13.

Defendant Suburban Hospital counters in its response in opposition to the Plaintiff's motion that certification of judgment is not warranted in this case, because: (1) the Court's denial of the Plaintiff's motion for partial summary judgment on his corporate negligence claim is not a final disposition of that claim; (2) the Court's granting of the Defendants' motion for partial summary judgment on the Plaintiff's loss of investment claims are also not a final judgment; and (3) there are compelling reasons not to enter final judgment with regards to the Court's Order granting the Defendants' motion for partial summary judgment on behalf of Defendant Suburban Hospital on all of the Plaintiff's direct negligence and agency liability claims, except for apparent liability for the care provided by Dr. Daee. ECF No. 130 at 6-11. And so, Defendant Suburban Hospital requests that the Court deny the Plaintiff's motion. *Id.* at 10.

For the reasons that follow, the Plaintiff has not shown that the Court's decision granting the Defendants' motion for partial summary judgment and denying his damages claims, to the extent that he seeks to recover economic losses, is a final judgment. To the extent that the remaining claims and issues cited by the Plaintiff are final judgments, the Plaintiff fails to show that there is no just reason for delay with regards to these claims and issues. And so, the Court DENIES the Plaintiff's motion.

### A. The Plaintiff Has Not Shown That Certification Is Warranted

As an initial matter, the Plaintiff has not shown that the August 26, 2024, Decision constitutes a final judgment on his damages claims. To be final, the Court's judgment on these claims "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Braswell Shipyards*, 2 F.3d at 1335 (quoting *Curtis-Wright*, 446 U.S. at 7-8). But, the Court did not fully dispose of the Plaintiff's damages claims in the August 26, 2024, Decision. Rather, the Court simply held that the Plaintiff cannot prevail on his damages claims based upon a lost profits theory, because the Plaintiff failed to put forward any evidence to show that he lost any profits with a reasonable certainty due to the negligent conduct alleged in this case. ECF No. 127 at 15-16. Given this, the Court declines to certify this issue as a final judgment pursuant to Fed. R. Civ. P. 54(b).

To the extent that the Plaintiff could show that the Court's decisions denying his motion for partial summary judgment on the corporate negligence and direct medical negligence and malpractice claims in this case are final judgments, he has not shown that there is no just reason for delay in the entry of judgment on these claims. In assessing whether there is any just reason for delay, the Court analyzes the following five factors: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Braswell Shipyards*, 2 F.3d at 1335-36. These factors weigh against certifying the claims at issue here for several reasons.

First, there is a clear relationship between the adjudicated claims and the unadjudicated claims in this case. The Plaintiff's negligence claims in this case are based upon alleged negligent conduct and other omissions by Defendant Suburban Hospital related to the medical care provided to the Plaintiff by Dr. Daee. *See generally* ECF No. 1. As Defendant Suburban Hospital correctly observes, the Plaintiff's negligence claims against the hospital are interconnected with his unadjudicated claims that Dr. Daee was negligent in providing medical care. *See id.*

Any appeal of the Plaintiffs' adjudicated negligence claims could also be rendered moot by the future proceedings in this case. Notably, should the jury ultimately find that Dr. Daee was not negligent in his care of the Plaintiff, this finding would preclude the Plaintiff from holding Defendant Suburban Hospital liable for the injuries alleged in this case under an agency theory. The Fourth Circuit could also be forced to consider the same issue twice, should the Court certify the Plaintiff's negligence claims, because both parties are likely to appeal any adverse decisions in this case at the conclusion of this litigation.

Given this, the Court is concerned that the Plaintiff's request for relief under Rule 54(b) would result in piecemeal litigation and thereby undermine the important goals of judicial economy and the prompt resolution of this dispute. And so, the Court declines to certify these claims. Fed. R. Civ. P. 54(b).

## V.    CONCLUSION

For foregoing reasons, the Court **DENIES** the Plaintiff's motion for certification of judgment (ECF No. 129).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge